UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMANDA CASTILLANES, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:14-cv-01861-JMS-MJD |
| DFAS-JAAC/IN-SGLI/PRUDENTIAL LIFE INS. CO., | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION ON MOTION TO DISMISS**

This matter comes before the Court on Defendant's Motion to Dismiss. [Dkt. 9.] For the following reasons, the Magistrate Judge recommends that the Court **GRANT** the motion.

**I. Background**

On October 15, 2014, Amanda Castillanes ("Plaintiff") filed a claim in Marion County Small Claims Court against "DFAS-JAAC/IN.SGLI/Prudential Life Ins. Co." [Dkt. 1-1.] She listed the Defendant's address as "8899 E. 56th Street, Indianapolis, IN 46249-3300," which is the address of the Defense Finance and Accounting Service ("Defendant" or "DFAS"). [Dkt. 10 at 1.] She then alleged that "SGLI" had charged her more for insurance premiums that they were entitled to charge. [Dkt. 1-1.] When she complained about the overcharge, "SGLI" allegedly ignored the issue and then docked Plaintiff's pay to recover the premiums. [*Id.*]

As Defendant explains, [Dkt. 10 at 2], "SGLI" is the Servicemembers' Group Life Insurance program. *See* 38 U.S.C. § 1965 *et seq*. This program is managed by the Office of the Servicemembers' Group Life Insurance ("OSGLI"), which is a division of Prudential Life Insurance Company. [Dkt. 10 at 2; *see also Rice v. Office of Servicemembers' Grp. Life Ins.*, 260 F.3d 1240, 1244 (10th Cir. 2001).] The DFAS, in contrast, is an agency of the Department of

Defense. [Dkt. 10 at 5; *see also Maldonado v. Hagel*, No. 1:11-CV-01669-SEB-TAB, 2013 WL 6388363, at *1 (S.D. Ind. Dec. 6, 2013).] Its "primary responsibility is to provide financial and accounting services for the military services, DoD components, and other federal activities." [Dkt. 10 at 5 n.2.]

On November 14, 2014, DFAS removed the case to this Court. [Dkt. 1.] DFAS asserted that removal was proper under 28 U.S.C. 1442, which allows for removal of a civil action "that is commenced in a State court and that is against or directed to . . . [t]he United States or any agency thereof[.]" 28 U.S.C. § 1442(a)(1).

On February 10, 2015, DFAS filed the currently pending motion to dismiss. [Dkt. 9.] Plaintiff's response was due February 27, 2015, but Plaintiff did not submit a response until April 1, 2015. [*See* Dkt. 12.] Plaintiff also violated the Court's Local Rules by submitting her response by facsimile without obtaining authorization of the Court. *See* S.D. Ind. L.R. 5-10(e) ("The clerk may not file a faxed paper without court authorization. The court may not authorize the clerk to file faxed papers without finding that compelling circumstances justify it."). As a result, the faxed copy of Plaintiff's response was discarded. [Dkt. 12.] Plaintiff has not otherwise responded or moved for an extension of time in which to file her response, *see* Fed. R. Civ. P 6(b), and the Court will accordingly address Defendant's motion without awaiting further submissions from Plaintiff.[1] *See, e.g.*, *Volkmann v. Wisconsin Laborers' Health Fund*, 615 F. Supp. 2d 822, 827 (W.D. Wis. 2009) ("[D]efendants' brief was due December 6, 12 days before defendants filed it. Accordingly, I will disregard the reply brief as untimely."); *Elayyan v. Sol*

---

[1] Pursuant to Local Rule 7-1, "[t]he Court may summarily rule on a motion if an opposing party does not file a response within the [14-day] deadline." S.D. Ind. L.R. 7-1(c)(4). Also, the fact that Plaintiff is proceeding pro se does not excuse her dilatory conduct. *See, e.g.*, *McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012) ("As we often have reminded litigants, even those who are pro se must follow court rules and directives."); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) (citations omitted) ("Although civil litigants who represent themselves ('pro se') benefit from various procedural protections not otherwise afforded to the ordinary attorney-represented litigant, pro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines.").

*Melia, SA*, 571 F. Supp. 2d 886, 893 (N.D. Ind. 2008) ("Plaintiffs did not file a motion for leave to file their Responses after the deadline set by local and federal rules had expired . . . . The Court will rule on the merits of the Motions to Dismiss without regard to Plaintiffs' Response briefs.").

## II. Discussion

Defendant moves to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. [Dkt. 10 at 4.] A plaintiff's jurisdictional allegations are typically afforded a presumption of correctness, but that presumption falls away when the defendant calls the court's jurisdiction into question. *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999). The court may then look beyond the pleadings to assess its jurisdiction, and the plaintiff bears the burden to prove the existence of jurisdiction. *Id.*

Defendant in this case asserts that the Court lacks subject matter jurisdiction because the DFAS cannot be sued by virtue of sovereign immunity. [Dkt. 10 at 5.] "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). This immunity is "jurisdictional in nature." *Id.* Any waiver of this immunity must be "unequivocally expressed in statutory text," and any such waiver is strictly construed in favor of the government. *Lane v. Pena*, 518 U.S. 187, 192 (1996). "To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims." *Id.* If a plaintiff fails to identify both a statute that confers subject matter jurisdiction on the district court and a federal law that waives the Government's sovereign immunity, then the Plaintiff's complaint must be dismissed. *Macklin v. United States*, 300 F.3d 814, 819 (7th Cir. 2002).

As noted above, DFAS is an agency of the federal government. *Maldonado*, 2013 WL 6388363, at *1. It is therefore shielded against suit unless a specific statute explicitly provides otherwise. *Lane*, 518 U.S. at 192; *Meyer*, 510 U.S. at 475. Plaintiff has identified no such statute, but Defendant acknowledges in its brief that the statutes governing the SGLI provide that "[t]he district courts of the United States shall have original jurisdiction of any civil action or claim against the United States founded upon [the SGLI] subchapter." 38 U.S.C. § 1975.

Courts have previously considered § 1975 and have concluded that this provision is not a general waiver of sovereign immunity. *Eads v. Prudential Ins. Co. of Am.*, No. 1:13-CV-01209-TWP-MJD, 2014 WL 3667953, at *4-5 (S.D. Ind. July 22, 2014). Instead, "the Government's consent to be sued under 38 U.S.C. § 1975 'extends only to actions alleging breach of an explicit or implicit duty under [the SGLI] subchapter.'" *Id.* (quoting *Denton v. United States*, 638 F.2d 1218, 1220 (9th Cir.1981)); *see also Shannon v. United States*, 417 F.2d 256, 261 (5th Cir. 1969).

Plaintiff has not explained what "explicit or implicit" duty DFAS breached. As noted above, Prudential Insurance and the OSGLI are the entities that administer the SGLI program. *Rice*, 260 F.3d at 1244; *see also Eads*, 2014 WL 3667953, at *2 ("Since the inception of SGLI, Prudential has been the sole insurer and administrator of SGLI policies."); *Williams v. United States*, No. CIV.A. 08-5081, 2009 WL 799974, at *2 (E.D. La. Mar. 19, 2009) ("The private companies are the insurers, and they alone are responsible for issuing the policy to the servicemembers and for paying the benefits prescribed by the Act."). Thus, if some entity has in fact charged Plaintiff more for her SGLI premiums than it was entitled to charge, the entity at

4

fault is likely Prudential or the OSGLI—not the DFAS[2]; indeed, Plaintiff's own claim states that "SGLI," rather than DFAS, "[took] more premiums than they were suppose[d] to." [Dkt. 1-1.]

Plaintiff's own allegation thus appears to indicate that DFAS itself had no explicit or implicit duty to collect the correct premiums, and so any waiver in 38 U.S.C. § 1975 does not extend to Plaintiff's claim. Further, Plaintiff's claim in this case is for monetary relief, [*see* Dkt. 1-1], and any waiver related to this claim must therefore be especially clear. *See Lane*, 518 U.S. at 192. Plaintiff's failure to point to a clear waiver thus leads to the Court to conclude that DFAS is immune to Plaintiff's suit, such that this Court lacks subject matter jurisdiction to hear Plaintiff's case. *See Meyer*, 510 U.S. at 475. The Magistrate Judge accordingly recommends that Defendant's motion to dismiss be **GRANTED**.

Defendant has also moved to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(6). [*See* Dkt. 10 at 4.] To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Plaintiff in this case has failed to meet this standard. As noted above, Prudential Life and the OSGLI administer the insurance program at issue. *Eads*, 2014 WL 3667953, at *2. It is therefore unreasonable to infer that *DFAS* is the party that "is liable for the misconduct alleged."

---

[2] The premiums are paid through deductions from service members' basic pay. *See, e.g.*, *Bunton v. Prudential Ins. Co. of Am.*, No. IP 99-1432-C-B/S, 2000 WL 1761018, at *2 (S.D. Ind. Nov. 29, 2000) (citing 38 U.S.C. § 1969(a)(1)). Because DFAS is involved in administering the military's payroll, *see id.* at *4, it is at least conceivable that DFAS in this case negligently deducted an incorrect amount to account for Plaintiff's premiums. Plaintiff's complaint, however, does not indicate that she is pursuing such a theory, and in any case, the Federal Tort Claims Act does not waive sovereign immunity with respect to specific agencies of the federal government. *See, e.g.*, *Moore v. U.S. Postal Serv.*, 69 F.3d 539 (7th Cir. 1995) ("[Defendant] correctly argues that the FTCA permits suits against the United States itself, not against its agencies."). Thus, even if Plaintiff asserted such a negligence claim, the Court would still lack jurisdiction to hear her case against DFAS.

5

*Iqbal*, 556 at 678. In fact, courts have repeatedly noted that when a plaintiff asserts a failure to properly administer an SGLI policy, the cause of action lies not against the United States or its agencies, but against Prudential Life or the OSGLI. *See, e.g.*, *Rice*, 260 F.3d at 1244 (citing 38 C.F.R. § 9.13) ("Plaintiff's lawsuit, however, is not against the United States. Rather, it is against the OSGLI, a division of the Prudential Insurance Company and therefore a private entity. This is in accordance with the governing regulations, which state that '[a]ctions at law or in equity to recover on the policy, in which there is not alleged any breach of any obligation undertaken by the United States, should be brought against the insurer.'"); *Smith v. Arkansas Fed. Credit Union*, No. 2:11-CV-00069 BSM, 2011 WL 2039548, at *2 (E.D. Ark. May 25, 2011) (citations omitted) ("This life insurance is provided by a private insurance company and the group policy does not create a contract between the government and the policy holder. Because the insurance is provided by a private insurance company, the breach of policy action lies against the insurance company."); *Williams*, 2009 WL 799974, at *2 ("[A]ctions for nonpayment or other breach of the policy lie against the private insurer, and not the government.").

Based on these cases, Plaintiff has sued the wrong party. Dismissal is thus appropriate for this reason as well as for lack of subject matter jurisdiction, and again, the Magistrate Judge recommends that Defendant's motion to dismiss be **GRANTED**. This dismissal, however, should be without prejudice to Plaintiff's right to pursue her claim against the proper party.

### III.    Conclusion

For the reasons set forth above, the Magistrate Judge recommends that the Court **GRANT** Defendant's Motion to Dismiss. [Dkt. 9.] Any objections to the Magistrate Judge's recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed.

R. Civ. P. 72, and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Date: 04/20/2015

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

AMANDA CASTILLANES
P.O. BOX 390294
SAN DIEGO, CA 92149

Debra G. Richards
UNITED STATES ATTORNEY'S OFFICE
debra.richards@usdoj.gov